SUPERIOR COURT 
 
 OLIVIA PEREIRA, PPA ERIN PEREIRA, ERIN PEREIRA and CORY PEREIRA v. LEANNA SUDHOF, M.D. and ANITA CHENG, M.D.

 
 Docket:
 1984CV02293-H
 
 
 Dates:
 April 29, 2022
 
 
 Present:
 Robert B. Gordon Justice of the Superior Court
 
 
 County:
 SUFFOLK, ss.
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS’ MOTION FOR PRODUCTION OF PLAINTIFFS’ MENTAL HEALTH COUNSELING AND TREATMENT AND OTHER RECORDS
 
 

             This motion arises out of an action for medical malpractice. In it, the Plaintiffs allege that negligence on the part of two Defendant physicians during the labor and delivery of minor child Olivia Pereira caused this child to suffer permanent neurological injuries. The Plaintiffs further allege that, as a result of such negligence, Olivia’s parents, Erin and Cory Pereira, “suffered severe emotional distress” and a loss of consortium with their disabled daughter. By the present motion, Defendants seek a court order for the production of all of the parent-Plaintiffs’ mental health counseling and treatment records from providers that have been identified during discovery. It is the movants’ contention that, by asserting a claim for “severe emotional distress,”[1] the Plaintiffs have placed their mental health condition(s) in issue, thereby entitling
 
                                                            -1-
 
 the Defendants to take discovery on the subject. The Defendants argue that fairness and truth-seeking will be subverted if they are forced to defend against a claim for severe emotional distress without the ability to access records which might show that such distress in fact sources to causes unrelated to their claimed medical negligence.[2] The Plaintiffs counter that their emotional distress and consortium claims are of the so-called “garden-variety,” and thus do not operate to waive the patient-psychotherapist and social worker privileges that presumptively protect their mental health records from compelled disclosure. See G. L. c. 233, § 20B (patient-psychotherapist); G.L. c. 112, § 135B (client-social worker).
            Upon review, and following a hearing, the Court concludes that the Plaintiffs, by bringing claims for emotional distress and loss of consortium damages (each related to the burdens of caring for a now permanently disabled daughter), have not materially inserted their own mental health conditions into issue in this case. The Court further determines that the Defendants have not demonstrated that the trial’s search for the truth will be substantially impaired absent disclosure of the Plaintiffs’ mental health counseling and treatment records; nor have the Defendants shown that “it is more important to the interests of justice that such records be disclosed than that the relationship between patient and psychotherapist [and/or social worker] be protected.” G.L. c. 233, § 20B; G.L. c. 112, § 135B. Regardless of the vocabulary employed in legal pleadings to characterize their injuries, it is evident that – as their Opposition expressly concedes – the Plaintiffs seek to recover no more than routine emotional distress damages. They are not intending to call a mental health expert or provider to testify at trial; will not offer mental
 
                                                            -2-
 
health records of any kind into evidence; are not intending to reveal otherwise confidential communications with therapists; and are not intending to offer proof of physical injuries or other extraordinary harms alleged to have been suffered by the parents. In these circumstances, the Plaintiffs cannot be deemed to have waived the statutory privileges that safeguard their rights to privacy and confidentiality in the area of mental health counseling and treatment. Numerous courts in Massachusetts have so held in closely analogous contexts. See, e.g., Conklin v. Feitelberg, 146 F. Supp. 3d 430, 436-38 (D. Mass. 2015) (Dein, USMJ); Sorenson v. H&R Block, Inc., 197 F.R.D. 199, 204 (D. Mass. 2000) (Collings, USMJ); Robart v. Alamo Rent-a-Car, LLC, 2005 WL 1009746, at *3-4 (Mass. Super. Ct. 2005) (Gaziano, J.); Linscott v. Burns, 2005 WL 351039, at *3 (Mass. Super. Ct. 2005) (Agnes, J.); Donovan v. Prussman, 2000 WL 1257463, at *4-7 (Mass. Super. Ct. 2005) (Agnes, J.); Myers v. Tom Foolery’s, 1999 WL 1025364, at *2 (Mass. Super. Ct. 1999) (Hillman, J.).[3]
            That said, the Court recognizes the potential unfairness that attaches to allowing the Plaintiffs to pursue claims for severe emotional distress, on the one hand, while denying the Defendants the discovery they need to defend against such claims at trial (e.g., by showing the Plaintiffs’ present mental and emotional conditions to have been caused by things other than the
 
                                                            -3-
 
Defendants’ negligence), on the other. To date, our trial courts have largely resolved this tension by drawing the line that divides privilege preservation from privilege waiver at so-called “garden-variety” emotional distress. That is, plaintiffs will not be deemed to have waived the legal privileges that protect mental health and counseling records from compulsory disclosure unless they seek more than garden-variety emotional distress damages. This is, to be sure, an enigmatic principle as legal standards go; but the undersigned intends to adhere to it in the ruling which follows in the absence of better guidance from our appellate courts. At the same time, however, the Court will take steps to ensure that a talismanic invocation of the “garden variety” moniker by the Plaintiffs – easy enough to do on paper -- does not unfairly allow for the recovery from Defendants at trial the kind of extraordinary emotional distress damages that have been disclaimed during discovery. 
            Accordingly, the Defendants’ motion shall be DENIED. The non-production of the Plaintiffs’ statutorily protected mental health counseling and treatment records, however, shall be subject to the following express conditions. These privilege-preserving conditions, to which the Plaintiffs must agree and adhere, are as follows:
1. Mental health therapy and related records of the Plaintiffs shall not be offered or admissible at trial;
2. No witness shall testify about patient-provider communications concerning any mental health counseling or treatment received by the Plaintiffs;[4]
 
                                                            -4-
 
3. No mental health expert or treatment provider shall testify by way of diagnostic opinion or otherwise concerning either the source or extent of the Plaintiffs’ claimed emotional injuries;
4. Neither the parent-Plaintiffs nor any trial witnesses called on their behalf shall testify to any extraordinary harms alleged to have been suffered by these parents on account of the Defendants’ negligence (e.g., serious physical injuries or symptoms, the onset or worsening of substance or alcohol abuse, an inability to work, marital relationship failure, or the like);[5] and
5. The Plaintiffs shall consent to a legal instruction, to be delivered by the Court at trial, informing the jury that the Plaintiffs do not seek and may not be awarded more than garden-variety emotional distress damages. (Plaintiffs’ counsel conceded at hearing that his clients do not object to the giving of such a charge.) For this purpose, the jury shall be instructed that awardable damages may compensate the Plaintiffs for no more than the distress that any healthy, well-adjusted person would likely feel as a result of experiencing the consequences of the Defendants’ actions. See Doe v. Brunswick School Dept., No. 2:15-cv-257-DBH, 2016 U.S. Dist. LEXIS 59107 (D. Me. Apr. 29, 2016) (similar pretrial order). See also Willey v. Kirkpatrick, No. 07-cv-6484CJS,
 
                                                            -5-
 
2011 WL 4368692, at *7-8 (W.D.N.Y. Sept. 19, 2011) (defining garden-variety emotional distress as follows: “Garden variety claims refer to claims for compensation for nothing more than the distress that any healthy, well-adjusted person would likely feel as a result of being so victimized; claims for serious distress refer to claims for the inducement or aggravation of a diagnosable dysfunction or equivalent injury.”) (citations and quotations omitted).[6] 
The undersigned believes that protecting the Plaintiff’s statutory privileges (and the important interests in mental health privacy and confidentiality that underlie them), but subjecting such protection to conditions designed to ensure that the Defendants do not risk emotional distress damages at trial that surpass what they can reasonably defend against through discovery, strikes a fair balance between the competing concerns presented here. See generally D. Brayley and M. Carrieri, “Tending the Garden: Two Perspectives on Reforming the Patient-Psychotherapist Privilege,” 65 Boston Bar Journal No. 4 (Nov. 3, 2021). Failure of any of the foregoing conditions, therefore, shall operate to waive these privileges, and compel the disclosure of the Plaintiffs’ withheld mental health counseling and treatment records.[7]
 
                                                            -6-
 
SO ORDERED.
 
/s/Robert B. Gordon Justice of the Superior Court
 
April 29, 2022
 
                                                            -7-
 
[1] Although the Complaint alleges that the parent-Plaintiffs suffered “severe emotional distress resulting in substantial physical injury,” these Plaintiffs have since represented that they will be proceeding only with a “garden-variety emotional distress claim. There are no claims for any physical injury to the Olivia [sic] parents, Erin and Cory Pereira.” See Plaintiffs’ Opposition, at p. 2.
 
[2] For example, the Plaintiffs have revealed in discovery both a history of drug and alcohol abuse and related marital problems of an unsavory nature, matters the Defendants now argue could be causative to the emotional distress now being claimed in this case. 
 
[3] The undersigned is aware of other reported decisions in which justices of this Court have occasionally come to contrary conclusions, and ordered the production of mental health records in somewhat similar circumstances. See, e.g., Jacobs v. Vachon, 2000 WL 281665, at *2 (Mass. Super. Ct. 2000) (Hamlin, J.) (plaintiff who claimed “irreparable mental damage” and “extreme impairment of her mental health” sufficiently “introduced psychic damage as an element of her claim” so as to waive patient-psychotherapist privilege); Tauro v. A. Gange & Sons, 1996 WL 1186815 (Mass. Super. Ct. 1996) (Gershengorn, J.) (plaintiff who sought “to prove that she has suffered great emotional, psychological and physical harm as a result of the defendants’ actions” waived patient-psychotherapist privilege: “Defense counsel should have the right to inquire into plaintiff’s treatment for the purpose of showing that the distress was caused at least in part by circumstances other than those that were job related”); Guimares v. DelPrete, 1996 Mass. Super. LEXIS 588 *1-2 (Mass. Super. Ct. 1980) (Brassard, J.) (plaintiff claiming to have suffered “irreparable mental and emotional damage” caused by supervisor’s sexual harassment and assault could not bar production of treatment records from her physician, psychiatrist and social worker; court found that “the plaintiff’s mental and physical health is a critical issue – placed in issue by the plaintiff herself – and medical records may reveal mental and emotional distress caused by prior, unrelated events”). The far greater weight of recent authority in Massachusetts, however, rejects privilege waiver where plaintiffs in civil tort cases do no more than seek damages for even substantial emotional distress. See supra. 
 
[4] On the other hand, no privilege will attach to the mere fact that Plaintiffs sought and/or obtained professional therapy, the location and dates thereof, and the like. See Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 230 (D. Mass. 1997).
 
[5] These conditions are entirely consistent with prevailing privilege law regarding mental health evidence. Numerous courts in Massachusetts have held that, even where plaintiffs have placed their mental health in issue by seeking damages for severe emotional distress, such damages will still be considered “garden-variety” -- and not trigger the “interests of justice” privilege waiver -- where such plaintiffs disclaim an intent to call mental health experts and providers or otherwise introduce mental health-related communications at trial. See, e.g., Sorenson, supra at 204 (no privilege waiver found where plaintiff forswore intent to call psychiatric expert or treating psychotherapist to testify at trial); Robart, supra at *5 (“Robart has introduced her emotional and mental condition as an element of her claim; however, her interest in the confidentiality of the records outweighs any interest in their disclosure. She does not intend to introduce the [mental health] records or call [her provider] to testify at trial.”); Linscott, supra at *4 (denying motion to compel production of psychotherapy records, but requiring plaintiff to certify in writing that she would not call psychotherapist or offer evidence of communications with therapist to support emotional distress damages claim at trial).  
 
[6] This instruction aligns conceptually with settled principles of law regarding pre-existing conditions in the tort area, where juries are routinely charged that they may not award damages to compensate an injured party for a condition pre-dating the subject accident. Damages may only be assessed to compensate such party for any worsening or aggravation of the pre-existing condition, taking the condition as it existed tort ante (the plaintiff as found) as a baseline. See Higgins v. Delta Elevator Service Corp., 45 Mass. App. Ct. 643, 649 and n.8 (1998).
 
[7] For the avoidance of doubt, the requirement that the Plaintiffs agree and adhere to these conditions to the preservation of their legal privileges is not intended to deprive them of the right to appeal the Court’s within rulings. It is, rather, meant to express the choice they have regarding the handling of mental health counseling and treatment evidence. The Plaintiffs may continue to invoke their privileges to withhold such evidence from discovery (subject to the understanding that the Court will impose each and all of these stated conditions in connection with same); or they may affirmatively waive such privileges, and accede to the production of the subject records. In either event, the Plaintiffs will not forfeit their right to register an objection to all or any part of the Court’s discovery rulings, and may take an appeal from such rulings on an interlocutory basis or following the entry of final judgment.  
 
xxz